# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOHN GILMORE AND SHENA GILMORE, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 3:10-CV-47 |
| ) | (Phillips) |
| SHELLIE WALLACE, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Amend the Complaint and Remand [Doc. 14]. Plaintiffs request leave to file an amended complaint that would add two defendants: Statewide Trustee Services ("Statewide Trustee") of Little Rock, Arkansas, and Lisa Burnette ("Ms. Burnette") of Dandridge, Tennessee. [Id.]. If Ms. Burnette is added as a defendant, that will destroy the Court's subject-matter jurisdiction under 28 U.S.C. § 1332. [Id.]. The Defendants do not oppose the motion. [Id.].

For the following reasons, Plaintiffs' Motion to Amend the Complaint and Remand [Doc. 14] is **GRANTED**, whereby Plaintiffs have ten days from entry of this Order to file an amended complaint. If the amended complaint is filed–whereby Statewide Trustee and Ms. Burnette are added as defendants–the Court will no longer have subject-matter jurisdiction under 28 U.S.C. § 1332. When and if the amended complaint is filed, the Court will enter a separate Remand Order.

## I. BACKGROUND

On December 30, 2009, Plaintiffs filed suit in the Chancery Court for Loudon County, Tennessee, in Case No. 11596. [Notice of Removal, Doc. 1, at 1]. Plaintiffs filed a wrongful foreclosure action against Wells Fargo Bank, N.A. ("Wells Fargo"), the Federal Home Loan

1

Mortgage Corporation ("Freddie Mac"), Wilson & Associates, PLLC ("Wilson & Associates"), and Shellie Wallace ("Ms. Wallace"). On February 5, 2010, Defendants removed this action to federal court pursuant to 28 U.S.C. § 1446(b). [Id.]. At the time this case was removed, there was complete diversity between the parties, and the Court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

For purposes of this motion, the Court accepts the following facts as true. In their complaint, Plaintiffs allege that they purchased property located at 4100 Davis Ferry Road in Loudon, Tennessee (the "Property"). [Plaintiffs' Original Complaint, Doc. 1-1, at 1]. The deed was recorded on December 14, 2001. [Id.]. Plaintiffs mortgaged the Property to secure a note in the amount of $89,182.09, payable to the Greene County Bank. [Id., at 1-2]. The loan was then sold to Wells Fargo. [Id., at 2]. On August 17, 2009, an attempt was made to appoint Ms. Wallace as substitute trustee. [Id.]. On August 31, 2009, Ms. Wallace executed a Trustee's Deed to Freddie Mac. [Id.].

Plaintiffs argue that their Property was wrongfully foreclosed upon, and that the Trustee's Deed should be set aside. [Id.]. In support, Plaintiffs allege, *inter alia*, that Ms. Wallace was not properly appointed as a substitute trustee, and that they were "never duly notified of the foreclosure." [Id.].

Plaintiffs now seek to add two defendants: Statewide Trustee and Ms. Burnette. [Plaintiffs' Motion to Amend the Complaint and Motion to Remand, Doc. 14]. Plaintiffs allege that Statewide Trustee and Ms. Burnette were employed to "cry the property at issue in this case." [Id., at 1]. Plaintiffs allege that they did not learn about Statewide Trustee and Ms. Burnette until after discovery commenced. [Id.]. Specifically, Plaintiffs allege that they did not learn this information until Defendants submitted answers to interrogatories on December 1, 2010. [Id.].

**II.    ANALYSIS**

At the time this case was removed, there was complete diversity between the parties, and the

Court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See, e.g.*, Jerome-Dunan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999) ("In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed."). On December 14, 2010, Plaintiffs filed the Motion to Amend the Complaint and Remand [Doc. 14]. Plaintiffs request leave to amend their complaint to add two defendants: Statewide Trustee and Ms. Burnette. [Id.]. This joinder would destroy the Court's subject-matter jurisdiction under 28 U.S.C. § 1332.[1]

Under these circumstances, the Court must rely upon 28 U.S.C. § 1447(e). That section–which addresses the precise circumstances of this case– provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court of Appeals for the Sixth Circuit has held that "in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, *diversity must be determined at the time of the filing of the amended complaint*." Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536, 540 (6th Cir. 2006) (emphasis added). A leading civil procedure treatise has also explained the rule:

> Although jurisdiction will not be ousted by a subsequent change in

---

[1] Plaintiffs are citizens and residents of Tennessee. [Notice of Removal, Doc. 1, at 2]. Wells Fargo is a national banking association with its principal place of business located in Iowa. [Id., at 3]. Freddie Mac is a United States corporation with its principal place of business in Virginia. [Id.]. Ms. Wallace is a citizen and resident of Arkansas. [Id.]. Wilson &Associates is a professional limited liability company, and its members are not residents of Tennessee. [Id.]. Thus, at the time of removal there was complete diversity between the parties.

If Ms. Burnette is added as a party, there will no longer be complete diversity between the parties. [Plaintiffs' Motion to Amend the Complaint and Remand, Doc. 14]. Ms. Burnette–like the Plaintiffs–is a resident of Tennessee. [Id.].

> parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the merits, a change in parties that goes to the very essence of the district court's ability to adjudicate the merits of the dispute effectively–most notably the addition of indispensable parties–may destroy it. The cases indicate that the court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to the state court will prejudice the defendant.

14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998).

In Curry, the Court of Appeals held that the district court should have remanded the case under similar facts. 462 F.3d at 538-43. Like the present case, the defendant in Curry removed the case to federal court based upon diversity jurisdiction. Id. The plaintiff later filed a motion to amend the complaint, seeking to add defendants that would destroy diversity jurisdiction. Id. The Court of Appeals held that the district court should have remanded the case pursuant to 28 U.S.C. 1447(e). Id. Specifically, the Court of Appeals held that the plaintiff made good-faith efforts to identify the previously unidentified defendants. Id.

Like Curry, the Plaintiffs in the present case made good-faith efforts to identify Statewide Trustee and Ms. Burnette. The Plaintiffs were simply unable to identify those persons until later in the discovery process. There is nothing that suggests Plaintiffs have acted in bad faith by filing this motion, or that they knew about Statewide Trustee or Ms. Burnette prior to December 2010. In addition, because Defendants do not oppose Plaintiffs' Motion [Doc. 14], they will not be prejudiced if the case is remanded to state court. In fact, their consent demonstrates the opposite.

**III.    CONCLUSION**

Based upon the foregoing, Plaintiffs' Motion to Amend the Complaint and Remand [Doc. 14] is **GRANTED**, whereby Plaintiffs have ten days from entry of this Order to file an amended

4

complaint. If the amended complaint is filed–whereby Statewide Trustee and Ms. Burnette are added as defendants–the Court will no longer have subject-matter jurisdiction under 28 U.S.C. § 1332. When and if the amended complaint is filed, the Court will enter a separate Remand Order.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge